UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RAFAEL ORELLANO-DIAZ,
Plaintiff,

v.                                                      Civil No. 01-1262 (HL)

ROLANDO ROLDÁN ORTÍZ, et al,
Defendants.

OPINION AND ORDER

Before the Court is a motion by Defendant Rolando Roldán Ortíz pursuant to Rules 50 and 59. Plaintiff Rafael Orellano-Diaz ("Orellano") brought this action pursuant to section 1983, alleging violations of his First and Fourth Amendment Rights.[1] This case went to trial, and a number of the claims were dismissed prior to the submission of this case to the jury. Ultimately, the only claim submitted was the Fourth Amendment one. The jury found in favor of Orellano and awarded him a total of $500,000.00.[2] Roldán brings the present motion in which he raises a number of objections to the verdict.

*1. Rule 50 motion*

Roldán renews his Rule 50 motion for a directed verdict and argues that the verdict was not supported by substantial evidence. He argues that the evidence that Orellano had been beaten and kicked by Roldán was weak and lacked corroborating medical evidence. A court ruling on a Rule 50 motion must examine the evidence in the light most favorable to the plaintiff. The court may not consider the witnesses' credibility, resolve any conflicts in their testimony, or evaluate the weight of the evidence presented. The verdict

---

[1] 42 U.S.C.A. § 1983 (West Supp. 2002).

[2] Docket no. 47.




must be left untouched, unless no reasonable person could have reached the conclusion made by the jury.[3]

In the face of this plaintiff-friendly standard, the Court is compelled to deny Roldán's Rule 50 motion. Orellano himself testified that Roldán had beaten him. This testimony was enough to support the jury's verdict. The Court may not pass judgment on whether Orellano was a credible witness. Moreover, any lack of corroborating medical documentation does not mean that his claim should have been dismissed. Orellano's own testimony, by itself, is sufficient to defeat the Rule 50 motion. Additionally, two other witnesses gave testimony which supported Orellano's version of the incident.[4] Accordingly, the Court denies the Rule 50 motion.[5]

2. *Rule 59 motion*

Roldán also argues in the alternative for a new trial pursuant to Rule 59. A trial judge may not order a new trial merely because he might have reached an outcome different from that of the jury.[6] A court should grant a motion for a new trial only if "'the

---

[3] *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 14 (1st Cir. 2002).

[4] Docket no. 52, Testimony of Eliud Cruz Colón, at 19-20 & Testimony of René Pizarro López, at 30-32.

[5] In his motion, Roldán also renews his request for qualified immunity. As he acknowledged earlier, if Orellano had been kicked and beaten, there would be no qualified immunity. Docket no. 42, at 10 n. 6; docket no. 53, at 47-50. The jury specifically found that Roldán threw Orellano to the ground and stomped on his hands. Docket no. 44. Roldán himself testified that Orellano offered no resistance when he was placed under arrest. Docket no. 53, at 110. Given this factual scenario, Roldán was not entitled to qualified immunity.

[6] *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 201 (1st Cir. 1996); *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 428 (1st Cir. 1993).

Civil No. 01-1262 (HL) 3

verdict is so seriously mistaken, so clearly against the law or the evidence, as to constitute a miscarriage of justice.'"[7] Roldán argues that the verdict was against the weight of the evidence and that therefore a new trial is warranted. In assessing this argument, the Court need not consider whether it believes that Orellano proved his case by a preponderance of the evidence. Instead, it should grant the motion only if it finds that the verdict constituted a miscarriage of justice. The Court finds that it did not. As discussed above in Part 1., the testimony of Orellano, along with the testimonies of Eliud Cruz Colón and René Pizarro López, constituted evidence sufficient to defeat the Rule 50 motion. This same evidence is also enough to defeat Roldán's request for a new trial.

Roldán makes a second argument for a new trial. He asserts that the Court erred in allowing Orellano to introduce evidence that he had been acquitted in the local criminal case brought against him as a result of the traffic stop. Orellano had been charged with obstructing justice and breaching the peace.[8] His case went to trial and he was acquitted.[9] Roldán argues that telling the jurors about the acquittal could have lead them to believe that Orellano was telling the truth and that the defendants were lying. At first blush, this argument appears to have some merit. Generally, evidence of a criminal acquittal is not admissible in a subsequent civil case.[10] This is so because of the risk of confusing the jury. Evidence of a prior acquittal may confuse the jury if it assumes that the acquittal

---

[7] *Interstate Litho Corp. v. Brown*, 255 F.3d 19, 29 (1st Cir. 2001) (quoting *Transamerica Premier Ins. v. Ober*, 107 F.3d 925, 929 (1st Cir. 1997)).

[8] Docket no. 53, at 119.

[9] Docket no. 52, at 101.

[10] 5 *Weinstein's Federal Evidence* § 803.28[7], at 803-134 to 803-135 (2d ed. 2002); *Borunda v. Richmond*, 885 F.2d 1384, 1387-88 (9th Cir. 1988).

Civil No. 01-1262 (HL) 4

necessarily means that the version put forth by the plaintiff in the civil case (the defendant in the earlier criminal case) is the correct one. A criminal acquittal establishes, however, only that the government failed to meet its burden of proving guilt beyond a reasonable doubt.[11] Thus, the evidence of the acquittal could unfairly prejudice the opposing party.

Although Roldán is correct on the general rule that such evidence is not admissible, its application to the present case does not warrant a new trial for the following reasons. This rule is most applicable in those situations where the plaintiff's civil law claims are a "mirror image" of the criminal charges that had been brought against him earlier. Consider, for example, a situation in which an individual had been charged and acquitted with resisting arrest, and then he later brought a civil rights claim against the police for false arrest based on the same incident.[12] In such a case, there would be elements common to both the criminal charge and the civil claim. The facts behind the arrest would be relevant to both cases. Thus, the danger of jury confusion would be extremely high.

In the present case, by contrast, Orellano's excessive force claim is not a mirror image of the criminal charges brought against him. Although the police's allegations that Orellano breached the peace and Orellano's allegations of excessive force cover events that are close in time, they are distinct in nature. The police's allegations deal with what occurred prior to his arrest; Orellano's allegations cover what happened after he was arrested. Here there is no overlap in elements, as there is in the example above of a resisting arrest criminal charge and a false arrest civil claim. Orellano's criminal case dealt only with facts that occurred prior to the moment that he was placed under arrest.

---

[11] *Prince v. Lockhart*, 971 F.2d 118, 122 (8th Cir. 1992).

[12] *See, e.g., Borunda*, 885 F.2d at 1386-87.

Civil No. 01-1262 (HL) 5

To the extent that the jury would have considered the acquittal to be proof of anything, it would have been proof only of what happened up to the moment of the arrest. The Court acknowledges that this is a subtle difference. It is not, however, one that is so fine that a jury would be unable to comprehend it. Although there is a possibility of prejudice to Roldán, it is a slight one at most.[13]

The Court finds Roldán's argument on this point to be unpersuasive for other reasons as well. In his brief he relies on *Borunda*, a Ninth Circuit case which held that evidence of acquittals should be excluded. In that case, the district court had admitted evidence of the plaintiffs' acquittal. Although the Ninth Circuit cautioned against such practice, it did not reverse the district court for having allowed the acquittal into evidence. The appeals court noted that district courts have a great deal of discretion in determining whether to admit evidence of prior acquittals.[14]

Moreover, in *Borunda* the Ninth Circuit held that any potential prejudice was obviated by the district court's instructions to the jury on the evidence to be considered and on the plaintiffs' burden. In the present case, the Court gave similar instructions to the jury.[15] Furthermore, the court in *Borunda* found fault with the defendants' failure to

---

[13] Defendants' own version of the incident is that once Roldán informed Orellano that he was under arrest, he immediately submitted to the arrest and offered no resistance. Docket no. 53, at 110; docket no. 54, at 47. That is, Defendants were not claiming that Roldán was justified in using force on Orellano in order to subdue him. They argued, instead, that no force was used at all. Therefore, this also minimizes the risk that the jury would erroneously consider an acquittal on the breach of peace charge to be proof that Roldán did in fact beat Orellano.

[14] 885 F.2d at 1388-89; *see also United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("district court has discretion to exclude from evidence acquittals or other favorable outcomes of prior state court proceedings involving the same subject matter.").

[15] *Compare id.* at 1388-89 *with* docket no. 54, at 97-103.

request an instruction that would have limited the effect of the evidence.[16] Similarly, in this case, Roldán did not move the Court for any limiting instructions on this issue.

Based on all of the above, the Court holds that the admission of the evidence of Orellano's acquittal does not warrant a new trial.

### 3. Remittitur

Lastly, Roldán also moves the Court for a remittitur. He argues that the amount of the verdict was not supported by the evidence. A court should review a request for remittitur in the light most favorable to the prevailing party.[17] The party seeking this relief has a heavy burden to show that the award was so "'grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand.'"[18] A court should not disturb the amount of damages merely because it was extremely generous or because it believes that the actual damages were considerably less; rather, the award should be reversed only if it was "so grossly disproportionate to any injury established by the evidence as to be unconscionable as a matter of law."[19]

In the present case, Roldán has not met this heavy burden. Orellano testified as to his damages. This testimony was sufficient to justify the amount of the jury's award. Based on Orellano's testimony, the Court is unable to conclude that the award was

---

[16] 885 F.2d at 1388 n.2.

[17] *Eastern Mountain Platform Tennis, Inc. v. Sherwin-Williams Co.*, 40 F.3d 492, 502 (1st Cir. 1994).

[18] *Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 34 (1st Cir. 1999) (quoting *Havinga v. Crowley Towing & Transp. Co.*, 24 F.3d 1480, 1484 (1st Cir. 1994)).

[19] *Id.*

unconscionable. Therefore, the Court denies the request for a remittitur.

WHEREFORE, the Court **denies** Roldán's motion (docket no. 49) in its entirey.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 11, 2003.

HECTOR M. LAFFITTE
Chief U.S. District Judge